Filed 1/12/26  Piercy v. Piercy CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TYLA PIERCY,  Plaintiff and Respondent,  v.  ERICK MICHAEL PIERCY,  Defendant and Appellant. | A172226  (San Mateo County  Super. Ct. No. FAM0132753) |

Defendant Erick Piercy appeals the trial court's order granting the request of plaintiff Tyla Piercy for modification of timeshare and child support orders.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2016, Tyla petitioned for dissolution of her marriage to Erick.[1] The parties were granted joint legal custody of their three children.  In March 2019, the parties stipulated to Erick's payment of guideline child support in the amount of $775 per month, which was based his allocated timeshare with the children of 45 percent.

In February 2023, Tyla filed a Request for Order ("RFO") seeking a modification of the existing custody and child support orders.  At the

---

[1]     Because the parties share the same last name, we refer to them by their first names for clarity and intend no disrespect.

1

conclusion of a hearing on November 28, 2023, the trial court modified the parties' timeshares, setting Tyla's at 67 percent and Erick's at 33 percent. This modification was reflected in the court's "Findings and Order after Hearing" filed on January 4, 2024. The court, however, did not rule on the request to modify support at that point.

In April 2024, regarding her pending request to modify child support, Tyla submitted information reflected in a 14-page chart ("Exhibit A") that showed her timeshare of the children from March 14, 2023 through May 31, 2024 was 66.77 percent. In June, Tyla offered additional information showing her timeshare was slightly higher, at 67.48 percent.

Erick's opposition brief challenged Tyla's timekeeping and contended his recent layoff and loss of income necessitated an alternate modification. However, he offered no evidence bearing on the parties' timeshares or otherwise contradicting the information and calculations in Exhibit A. Instead, his brief argued: "[Tyla] has not provided sufficient evidence to demonstrate any deviations in the timeshare percentages. Therefore, it would be inequitable for the court to order arrearages based on a hypothetical timeshare percentage instead of the actual timeshare percentage established in the court order."

On June 12, 2024, the trial court held a hearing on the matter. The Department of Child Support Services appeared and explained that, after a meet and confer, the parties agreed to calculate child support based on two different calculations: one that accounted for Erick's unemployment beginning June 1, 2024 and a second one that covered the period before that. For purposes of the support calculation beginning on June 1, Erick's severance pay and unemployment insurance benefits were included. Though the parties disagreed over Tyla's income and timeshare calculations, there

2

was no dispute over the inclusion of Erick's severance pay in the support calculation. After Tyla testified that the timeshare information contained in Exhibit A was compiled from work schedules, phone notes, and text messages that she kept to document Erick's requests to deviate from the original timeshare order, the court was satisfied that Exhibit A reflected credible evidence of the parties' actual timeshares.

For his part, Erick's counsel made an offer of proof that Erick would testify he followed the existing court orders allocating a 45 percent timeshare to him and 55 percent to Tyla, and that "there were only a few times where they may have changed the custodial time share so he can go hunting or so that [Tyla] could go do whatever she needed to do but in the end it equalized." Counsel challenged the trial court's consideration of Exhibit A, calling it an "abstract chart without any sufficient corroborating evidence." But when asked if he disputed any of the specific timeshare dates reflected on Exhibit A, counsel responded, "Not at this time." And when the court asked if there was any further offer of proof as to Erick's testimony, Erick's counsel replied in the negative.

Relying on Tyla's testimony and the absence of any conflicting offer of proof from Erick, the trial court found the information in Exhibit A was "reliable and persuasive evidence" that Tyla's timeshare between March 1, 2023 through May 31, 2024 was 67.48 percent. The court determined that Erick's adjusted timeshare was 32.5 percent and ordered him to pay child support of $1,957 per month for the period between March 1, 2023 to May 31, 2024. For the period from June 1, 2024 onward, the court ordered a reduced support amount of $1,802 per month, which was based on a calculation of Erick's monthly income at $11,726, including income from his severance pay and unemployment insurance benefits.

Erick timely appealed.

## DISCUSSION

On appeal, Erick contends the trial court erred in calculating Tyla's timeshare at 67.48 percent for the period of March 1, 2023 to May 31, 2024, and "particularly for" the period of March 1, 2023 to November 30, 2023 during which, he asserts, the previously ordered timeshare was 55 percent (Tyla) and 45 percent (Erick). In his view, the court improperly applied the 67.48 percent timeshare retroactively based on Tyla's Exhibit A.

We start with the familiar principle that a trial court's judgment is presumed correct. " ' "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 93–94.)

Child support orders are reviewed for abuse of discretion. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283 (*Cheriton*).) This " 'is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*In re Marriage of Walker* (2012) 203 Cal.App.4th 137, 146.) In resolving this appeal, we note that Erick, as a self-represented litigant, is " 'held to the same standard of knowledge of law and procedure as is an attorney.' " (*People v. Frederickson* (2020) 8 Cal.5th 963, 1000.)

As a preliminary matter, we conclude Erick is mistaken to the extent he contends the trial court could not "retroactively" modify the existing child support order for the period preceding the November 2023 hearing on Tyla's RFO. Indeed, the court had express authority to do so under Family Code

4

section 3653, subdivision (a), which generally allows modification of support orders "retroactive to the date of the filing of the notice of motion or order to show cause to modify or terminate." (See *Cheriton*, *supra*, 92 Cal.App.4th at p. 300.) Here, the court modified the support order for the period beginning March 1, 2023, which postdated Tyla's filing of her RFO in February 2023. Erick makes no attempt to show the applicability of an exception to such authority. (See Fam. Code, § 3653, subd. (b).)

Erick next contends the trial court prejudicially erred in admitting Tyla's Exhibit A as evidence of the parties' timeshares beginning in March 2023 because Tyla did not produce any of the records documenting the compiled timeshare hours. Thus, he argues, he could not meaningfully challenge the information and was denied due process. We are not persuaded.

As recounted above, the trial court admitted Exhibit A after determining that Tyla's testimony properly authenticated the document as one she created based on work schedules, phone notes, and text messages that she kept to document Erick's requests to deviate from the original timeshare order. (See *People v. Mills* (2010) 48 Cal.4th 158, 207 [trial courts have broad discretion to admit demonstrative evidence such as charts to illustrate a witness's testimony].) And finding her testimony credible, the court reasonably concluded Exhibit A provided "reliable and persuasive evidence" of Tyla's 67.48 percent timeshare with the children. Moreover, the court allowed Erick's counsel to cross-examine Tyla as to how she recorded and calculated the timeshares, and it also invited Erick to make an offer of proof on the matter. To this, Erick's counsel said Erick "would testify that he followed the court orders at the time, which were 45 percent to him and 55 percent to her" with some adjustments. Counsel, however, provided no

5

evidence or offer of proof that specific dates on Exhibit A were incorrect. On this record, substantial evidence supports the court's determination that the parties' timeshares were 67.5 percent (Tyla) and 32.5 percent (Erick) for March 1, 2023 to May 31, 2024.

Finally, Erick contends the trial court erred by including his severance pay as part of the child support calculation because such pay was "non-recurring" and therefore did not qualify as "income" for purposes of section 4058.

As the record reflects, Erick was aware the trial court would include his severance pay in the child support calculations. Not only did he fail to object, but his own child support calculations affirmatively included his severance pay. We reject as forfeited Erick's belated attempt to raise this contention for the first time on appeal. (See *Parker v. Schwarcz* (2022) 84 Cal.App.5th 418, 435–436; see also *Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212 [party who induces the commission of error "may not claim on appeal that the judgment should be reversed because of that error"].)[2]

---

[2] Effective September 1, 2024, Family Code section 4058 was amended to explicitly list severance pay as an example of income. (Stats. 2023, ch. 213, § 7 [see Fam. Code, § 4058, subd. (a)(1)].) And as the Department of Child Services points out, case law prior to that amendment had long recognized severance pay as income for purposes of familial support obligations. (E.g., *In re Marriage of Samson* (2011) 197 Cal.App.4th 23, 28 [family court had "discretion to allocate [husband's] severance pay" for purposes of spousal support]; *In re Marriage of Stephenson* (1995) 39 Cal.App.4th 71, 75–76, 81 [affirming portion of order counting severance pay as continuing husband's income in amount equivalent to his former salary for eight and a half months]; see *In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 642 [noting the pre-amended version of Family Code § 4058 broadly defined income for purposes of child support].)

**DISPOSITION**

The judgment is affirmed.  Tyla Piercy is entitled to her costs on appeal.

_____
Fujisaki, Acting P. J.

WE CONCUR:

_____
Petrou, J.

_____
Rodríguez, J.

*Piercy v. Piercy* (A172226)

7